UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:22-cv-00135 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Education ("Education" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On October 7, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following:

    1. Meeting Requests: All records for meeting requests, meeting memos, briefing documents schedules, communications, and any other records related to the National School Boards Association (NSBA). This should include but not be limited to records and communications relating to meetings among ED officials, between ED and other federal agencies, between ED officials and the White House, and with any state officials or outside organizations (e.g., National Education Association) discussing citizen protests or school board meetings raising concerns about COVID-19 policies or critical race theory educational curriculum.

    2. External and Internal Communications: Any and all communications, documents, and other records pertaining to the NSBA letter dated September 30, 2021, domestic terrorism concerns raised by local school boards over protests or threats by parents or other citizens, or other outreach to NSBA before or after receiving the letter. This should include, but not be limited to, any communication with the NSBA, White House, Department of Homeland Security or Department of Justice on adopting any of the letter's recommendations, responding to the letter, or the need to address the issues raised therein.

   3. Data and Analysis: Any and all records that support the use of federal resources, including law enforcement resources, to investigate threats made against local school boards, superintendents, or similarly positioned local education officials.

   4. Records related to the Attorney General's letter on the issues raised in the NSBA letter, including the decision to draft a response, dedicate federal resources, the basis for federal intervention in local school board matters, and public communications efforts to defend or promote the AG letter's messages or actions.

7. The release of these documents is in the public interest because they will help contribute to the public understanding of the role Education officials played in the controversy over deploying federal resources, including law enforcement resources, to investigate parents and citizens upset over local school board policies. The need to clarify the public record regarding this controversial episode has only become more salient since Plaintiff submitted its original request. On January 11, 2022, press reports indicated that there are emails between officials at the National School Board Association ("NSBA") suggesting that the Education Secretary requested that the NSBA send information to the White House. *See* Callie Patterson, *Email Suggests Education Secretary Miguel Cardona Asked for School Board "Domestic Terror" Letter*, N.Y. Post (Jan. 11, 2022), https://nypost.com/2022/01/11/miguel-cardona-asked-for-school-board-domestic-terror-letter/. These same reports state that the Department denied soliciting a letter from NSBA. *Id*. The requested documents have the potential to help clarify the public record.

8. On October 7, 2021, the Department acknowledged receipt of the Plaintiff's request, referred to it as reference number 22-00131-F.

9. On October 12, 2021, the Department indicated that Plaintiff's FOIA request had been updated to "In Process."

10. On October 18, 2021, the Department granted Plaintiff's request for a fee waiver. The Department also noted that Plaintiff's request "was assigned to the Office of the Secretary within the Department to search for documents that may be responsive to your request."

11. Since that time, Plaintiff has reached out to the Department at least four times to inquire about the status of this request, including on October 29, 2021, November 12, 2021, November 26, 2021, and December 30, 2021.

12. In an email dated December 30, 2021, the Department indicated that the request was "pending," and that "[t]he program office assigned to search for records responsive to your request is still conducting its search.  Once the search for responsive records has been completed the status will be updated accordingly." The Department further stated "[w]e understand how important your FOIA Request is to you and want to handle it as soon as possible but we must process all FOIA requests in their order of receipt."

13. To date, the Department has not begun producing responsive records, nor has it indicated a date when it will do so, notwithstanding several requests to do so.

14. As of today, Plaintiff's request has been pending for more than 100 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

15. During this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

16. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

17. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18. PPT properly requested records within the possession, custody, and control of the Department.

19. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

20. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

21. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

22. The Department's failure to provide all non-exempt responsive records violates FOIA and Department regulations.

23. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: January 20, 2022              Respectfully submitted,

                                 PROTECT THE PUBLIC'S TRUST
                                 By Counsel:

                                 /s/ Gary M. Lawkowski
                                 Gary M. Lawkowski
                                 D.D.C. Bar ID: VA125
                                 DHILLON LAW GROUP, INC.
                                 2121 Eisenhower Avenue, Suite 402
                                 Alexandria, Virginia 22314
                                 Telephone: 703-965-0330
                                 Facsimile: 415-520-6593
                                 GLawkowski@Dhillonlaw.com

                                 *Counsel for the Plaintiff*